## THE SACKET'S HARBOR BANK agt. JOHN W. MARTIN.

Where a cause was referred, and the parties before the reference entered into a stipulation directing certain terms and conditions in relation to it; and the defendant, to secure the fulfillment on his part, gave a cognovit for the full amount of plaintiffs' claim against him, on which cognovit no judgment was to be entered by plaintiffs, and was to be void if the conditions in the stipulation on the part of the defendant were performed as stipulated; and the referee reported in favor of the plaintiffs, which report defendant prepared to move to set aside, and procured an order from the circuit judge, staying *proceedings in the cause until decision on the motion to set aside the report should be had; and after the order to stay was served on plaintiff's attorney, and before the decision of the motion, he entered judgment against the defendant *on the cognovit* for non-compliance with the terms of the stipulation: *Held*, that the judgment was entered in violation of the order to stay proceedings made by the circuit judge. It was a proceeding in that suit.

*December Term*, 1845.

MOTION by defendant to set aside judgment for irregularity. The plaintiffs commenced a suit against the defendant and

Sacket's Harbor Bank agt. Martin.

Thomas Baker, and also another suit against the defendant, Thomas Baker, and Charles L. Martin, both at the same time in the year 1843, on five drafts made and used for the accommodation of the defendant John W. Martin. In June, 1844, by stipulation, the suits were referred to Hon. P. Gridley as sole referee. The defence set up by defendant was usury. The parties, pursuant to a notice of hearing, met before the referee, on the 22d January last, and agreed that the testimony taken by the referee should be deemed to be taken in both causes, the defence being the same in each. On the same day an agreement and stipulation was entered into and executed by and between Jesse C. Dann, cashier of the plaintiffs (who had the management of the causes on the part of plaintiffs) and the defendant John W. Martin, whereby the defendant, John W. Martin, gave to the plaintiffs a cognovit for $14,766, being the amount of principal and interest of the drafts on which the suits were brought. It was then stipulated that no judgment should be entered on the cognovit, if John W. Martin should, within thirty days, give to the plaintiffs his note for the sum of $10,172.36, payable in three, four and five years from that date, with interest, &c., and should also give to the plaintiffs collateral security for $2,386.75, of said sum, by satisfactory indorsed paper, to be approved by the cashier of the Lowville Bank, and in the event of said John W. Martin thus giving said note and said security, said cognovit should be given up and cancelled. The stipulation further gave the amount of liability for which each defendant in the suits should be responsible; and stated the amount of costs which the defeated party should pay on the final event of the suits on the reference, and the time and manner of such payment, and also that the stipulation should be void, as regarded the plaintiffs, unless the firm of one Gilchrist & Co., and also the Lewis County Bank, should, within sixty days from that date, give the plaintiffs a writing, assenting to the stipulation, and that their liability to the plaintiffs on the drafts should not be affected thereby, and unless such assent was given, the plaintiffs might proceed and enter judgment on the cognovit.

The defendant, John W. Martin, did not procure the [*13] securities nor the assent *required by the stipulation within the time mentioned in the stipulation, but stated that there was an understanding between the parties at the time the cognovit was signed, that the object principally was to secure the delivery of the securities and assent as mentioned in the stipulation, before the hearings should be closed. Martin, some twelve days before the day noticed for hearing in the causes, called to see C. P. Kirkland, Esq., at Utica, who was counsel to try the causes for the plaintiffs, to get a waiver of the time mentioned in the stipulation for giving the securities and assent. Kirkland being absent, he called on Mr. Bacon, of Utica, the law partner of Kirkland, for the same purpose, and told him he was on his way to Boston to subpœna witnesses for the hearing, and as there was about a week before the time would expire, mentioned in the stipulation, he wished to know whether he should be required to return and procure the securities or not, as he desired to fulfil the stipulation; Bacon told him to go on, there would be no risk about it, and no advantage taken of the lapse of time as regarded giving the notes and security. Afterwards he saw Kirkland, who informed him that it should be sufficient if they were furnished at any time before the hearings were closed. On the day before the hearings were closed, Martin by his counsel presented the notes and securities and written assent mentioned in the stipulation to Dann, the cashier of plaintiffs, who soon after returned them, stating as an objection to receiving them, that the time having passed, it might be necessary to get the action of board of directors of plaintiffs; the same day and during the hearing, the defendant's counsel presented them to Kirkland, plaintiffs' counsel, who made the same objection as Dann, but, however, took them; the hearings in both causes closed on the 4th day of April last.

On the part of the plaintiffs in answer to defendant Martin, it was stated by Kirkland that he expressly told Martin, when inquired of respecting extending the time mentioned in the stipulation for giving securities, &c., that he, Kirkland, had no

authority in that matter ; he merely acted as counsel in trying the causes, but expressed his belief to Martin, that the mere non-delivery of the notes within thirty days would not be insisted on as an objection, and that in his opinion it ought not to be, if Martin complied in other respects with the stipulation, but that was a matter he had better see the plaintiffs or his attorney about. Bacon also stated that he told Martin that he had no authority to give him any stipulation or opinion in the matter that would be binding in relation to extending time ; that he had nothing to do in the matter; his partner was merely counsel *to try the causes ;   [*14] Kirkland stated that when he took the papers for security from Bennett, defendant's attorney, he told Bennett he had no authority whatever to receive them or to act in any way on that subject, but he would take the papers and look at them, which he did, and in three or four days returned them by mail to Martin. Plaintiffs' papers contained a denial that any waiver of time in the stipulation was given, or that the papers might be delivered at any time before the close of the hearings, and also that the papers were not in compliance with the stipulation. On the 7th of April, 1845, the referee reported in the causes for the plaintiffs, the full amount of their claim; the defendant prepared to move to set aside the reports, and on the 4th of June, 1845, procured an order in each cause from Judge GRIDLEY, circuit judge, staying all proceedings until the motion to set aside the reports should be decided. The orders were served on plaintiffs' attorney on the 17th of June, 1845. On the 1st of August, 1845, the plaintiffs entered judgment on the cognovit given by Martin. The suit having been originally commenced against Thomas Baker and John W. Martin, upon four of the drafts before mentioned, and to which the defendants pleaded, the suit was severed and judgment taken against Martin alone on his cognovit given with his stipulation mentioned.

It was insisted by defendant, that the plaintiffs had waived the time mentioned in the stipulation, and that the stipulation had been performed by defendant within the meaning of it by

the parties.    Also that the judgment was entered in violation of the order of Judge GRIDLEY, staying proceedings, the decision upon the motion to set aside the reports of the referee not having been made.

It was insisted by plaintiffs that the defendant had failed to perform the stipulation according to its terms, and that there had been no waiver of any of its conditions, by them ; and that it was their duty to enter the judgment for the protection of the rights of the indorsers and guarantees responsible to plaintiffs for the demand ; that the order of the circuit judge did not affect this suit.

E. SANDFORD, *defendant's counsel.*

D. M. BENNETT, *defendant's attorney.*

A. TABER, *plaintiffs' counsel.*

GEO. C. SHERMAN, *plaintiffs' attorney.*

JEWETT, Justice.    This motion is granted with costs, on the sole ground that the entry of the judgment was in violation of the order to stay proceedings made by the circuit judge ; it was a proceeding in that suit.